## H. G. DeMARCUS v. R. T. DeMARCUS.

Eastern Section. —— —, ——.

Fowler & Fowler, of Knoxville, for appellant.
Jennings, Saxton & Wright, of Knoxville, for appellee.

SNODGRASS, J. Complainant sought in this bill to collect a note executed to him by his brother, the defendant, on the 22nd day of January, 1920, for the sum of $5021.60—payable one year after date with interest at six (6) per cent payable annually—conditioned also if placed in the hands of an attorney for collection to pay ten per cent attorney's fee.

There were many defenses to this note among which were that it was never delivered or intended to be a note but only a memorandum of a possible utility that had been surreptitiously taken from defendant's trunk while in his possession; that material alterations had been made in the face of the note since it had been taken out of possession of the defendant—notably that its date had been changed from January, 1922, to January, 1920—that it was barred by the statute of limitations—also interposing a plea of non est factum.

Proof was taken and the cause was heard before the Chancellor who embodying his findings therein entered the following decree: "This cause came on to be finally heard this day before the Honorable Robert M. Jones, Chancellor, upon the original bill, the exhibit thereto, the answer of the defendant, the depositions on file, and the exhibits thereto, from all of which it satisfactorily appeared to the court from the proof, and the court accordingly adjudges and decrees:

"That the defendant, R. T. DeMarcus, on January 22, 1920, was justly indebted to the complainant in the sum of five thousand twenty-one & 60/100 dollars ($5021.60); that on said date the defendant, R. T. DeMarcus, executed and delivered to the complainant, H. G. DeMarcus, the promissory note sued on in this cause for five thousand twenty-one & 60/100 dollars ($5021.60), due and payable one year after date, providing for interest thereon at 6% annually, said note further providing for 10% attorneys fees in the event it is placed in the hands of an attorney for collection or had to be sued on, in addition to the principal and interest, same to be taxed in judgment, and the court further finds, adjudges and decrees that the defendant has paid no part of said note, but that the same is wholly unpaid, together with interest thereon from the date of its execution.

"The court further finds from the proof and accordingly adjudges and decrees that the defendant, R. T. DeMarcus, within six years prior to the filing of the bill in this cause, repeatedly promised to pay the complainant the amount of said note, as alleged in the bill; that repeatedly during the year 1926 and the year 1927, defendant promised the complainant he would pay him the amount of said note; that the last promise to pay said note which the defendant made to the complainant, was in the month of April, 1928; that on said last named date and at all other times, the defendant distinctly and in unqualified language acknowledged that he owed said debt, that it was just, and promised the complainant to pay same; that the complainant refrained from instituting suit against the defendant, who is his brother, on said indebtedness, by reason of the repeated request made of him by the defendant to refrain from instituting suit on said indebtedness; that the complainant relied

upon said repeated promises of the defendant to pay him said note; and that but for said promises of the complainant to pay said note, and the indulgences which the complainant extended the defendant, the complainant would have brought suit sooner on said note; that complainant was forced to place said note in the hands of his attorneys, Jennings, Saxton and Wright, for collection, and is entitled to collect 10% attorneys fees on the amount due thereon, in addition to the principal and interest.

"The court further finds from the proof in the cause and accordingly adjudges and decrees that the defendant's plea of non est factum is not sustained by the proof, and said defense is disallowed; and the court likewise adjudges and decrees from the proof in the cause that the defense interposed by the defendant by the amendment to his answer to the effect that the note sued on in this cause originally bore the date of January 22, 1921, but was subsequently fraudulently and intentionally changed by the complainant so as to read "January 22, 1920," is not sustained by the proof, and is disallowed.

The court being of opinion and so finding, adjudging and decreeing from the evidence in the case, and from an inspection of the note sued on, and other writing of the defendant, including the entries made by him in the pass book of the complainant, H. G. DeMarcus, issued by East Tennessee Savings Bank and filed as exhibit '5' to the deposition of R. T. DeMarcus, and exhibit 'A' to the cross-examination of R. T. DeMarcus, and exhibit '2' to the deposition of H. G. DeMarcus, that each and every word and figure in the note sued on in this cause written in ink are in the genuine handwriting of the defendant R. T. DeMarcus, and that no alteration of said note has been made by the complainant or anyone else subsequent to its execution by the defendant.

"The court further finds from the proof in the cause and accordingly adjudges and decrees that the other defenses set up and relied upon by the defendant in his answer, are not sustained by the proof, the court finding from the evidence in this cause that both the defendant, R. T. DeMarcus, and his wife, Mrs. R. T. DeMarcus, are impeached and contradicted in their testimony with reference to the letters written by the defendant's wife at the instance of the defendant, to the complainant, relative to the indebtedness sued on in this cause. The court especially finds as a fact that the letter of April 22, 1924, filed as Exhibit '4' to the deposition of the complainant in this cause, was written by the wife of the defendant at his instance and dictation, and with his full knowledge, to the complainant in this cause, as a result of the complainant having placed the note sued on in this cause in the hands of an attorney-at-law at Norfolk, Virginia, for collection, as shown by exhibit 'C' to re-direct examination of H. C. DeMarcus, by exhibit

'F' to the re-direct examination of H. G. DeMarcus, and by the registry return receipt dated April 21, 1924, signed by the defendant, R. T. DeMarcus, and filed as Exhibit 'E' to the re-direct of H. G. DeMarcus, and that the defendant, R. T. DeMarcus, is otherwise impeached by the record evidence in this cause, by his own testimony, and by the testimony of impeaching witnesses, so that the court cannot and does not believe his testimony with reference to the matters in controversy.

"Upon the trial of this cause the defendant offered to read the deposition of F. H. Poteet, but the complainant excepted and objected to questions and answers Nos. 3, 4, 5, 6, 7, 8, 10, 11, and 13, and to their introduction in evidence on the grounds that the testimony of the witness Poteet is not the best evidence as to the contents of the records sought to be proved by said witness, that it is not admissible to introduce testimony of a witness as to the contents of a public record, that a certified copy of such record must be obtained and relied upon, and upon the further ground that said witness admitted upon cross-examination that he had no 'personal knowledge as to where the complainant, H. G. DeMarcus, was at any time in January, 1920, or during any other month in said year, all of which objections and exceptions to the introduction of said testimony were sustained by the court and said testimony excluded.

"It is, therefore, ordered, adjudged and decreed by the court that the claimant, H. G. DeMarcus, have and recover of the defendant, R. T. DeMarcus, the principal amount of the note sued on in this cause, to-wit, five thousand twenty-one and 60/100 dollars ($5021.60), together with interest thereon from January 22, 1920, the date of the execution of said note to the date of the entry of this decree, said interest amounting to twenty-eight hundred twenty-four and 64/100 dollars ($2824.64), together with the additional sum of 10% attorneys fees thereon, amounting to seven hundred eighty-four and 62/100 dollars ($784.62), making a total recovery to which the complainant, H. G. DeMarcus is entitled in this cause, of eighty-six hundred thirty and 86/100 dollars ($8630.86), for which last named total amount it is decreed the complainant is entitled to have and recover of and from the defendant, R. T. DeMarcus, together with all the costs of this cause, for which execution will issue.

"Upon motion of Jennings, Saxton and Wright, attorneys of record for complainant, a lien is declared upon the foregoing recovery to secure the payment of their reasonable or contract fees.

"In the event this case is appealed, the exhibits filed in the cause will be sent up in their original form as a part of the transcript, upon their being identified by the signature of the chancellor.

"The attachment heretofore issued in this cause is discharged, and the defendant, R. T. DeMarcus, will have and recover of the

complainant, H. G. DeMarcus and Jennings, Saxton and Wright, sureties on his attachment bond, the costs incident to the issuance and levy of said attachment; but upon the allegations and prayer of the bill and upon the application of the complainant the defendant R. T. DeMarcus is enjoined from disposing of or in any manner encumbering the real estate owned by him pending the final disposition of this cause upon appeal, in case an appeal is prayed or pending the issuance of an execution upon the decree herein pronounced. The action of the court in granting the complainant the relief decreed him and to the action of the court in excluding the testimony of the witness, F. H. Poteet, and to all other actions of the court adverse to him the defendant R. T. DeMarcus excepts and prays an appeal therefrom to the next term of the Court of Appeals of Tennessee, sitting at Knoxville, which appeal is granted upon the defendant executing and filing an appeal bond conditioned as required by law or by otherwise complying with the law within ten days.''

The defendant has appealed from the decree and has made ten assignments of error—one affecting questions of fact save the 8th which relates to sustaining objections to a deposition and is as follows:

''The chancellor erred in sustaining the complainant's objection to the deposition of F. H. Poteet, particularly questions 3, 4, 5, 6, 7, 8, 10, 11, and 13 thereof.''

We have read the record carefully and concur with the chancellor in every one of his findings, which are sustained we think by the weight of the proof.

The defendant was an older brother of the complainant a man of family and seems to have been quite a trader in real estate and to have been somewhat of a dominant character. The complainant, his brother, is a bachelor and while both of them appear to have been industrious, and of good earning capacity the older one, the defendant, traded a good deal in real estate and appears to own quite a valuable property therein. While there is an insistence to show that it was impossible that younger brother could have accumulated, outside of his necessary expenses, the money he claims to have advanced to his brother, we think the argument is insufficient to overcome the facts in relation to the note, regarding the execution of which we think there can be no doubt, and the very effort on the part of the defendant, while practically admitting its execution and his signature thereto, claiming that he did not execute it or that it was stolen from his trunk and the date changed, in the light of all the other proof more especially his effort to disclaim responsibility for the letters written by his wife, such a knowledge of their contents, is what has worked to their entire discredit

without reference to the evidence relating to the general character of the defendant himself.

The correspondence brought about by the efforts of complainant through the Virginia lawyer to collect the note in 1924 while it undertakes to insist that all of it above $3200 was interest, does not challenge the amount or its validity and when the note was executed in January, 1920, it was in settlement of several other notes previously executed by the defendant to the complainant as well as money advanced that was not represented by the previous note executed.

The assignment regarding the chancellor's action as to the testimony of F. H. Poteet is too vague and general to require a review, and is not in harmony with the rule requiring a setting forth of the evidence excluded or any reference to the record other than to the number of certain questions of the deposition which of course might be found should we search through the record for the deposition and the questions referred to, and the chancellor ruling thereon.

In the brief however, this deposition is referred to and it is insisted that the chancellor excluded it upon the ground that the records themselves constituted the best evidence, which would require that a certified copy of them be filed as an evidence of what they show.

It was the purpose to show by the testimony of the witness that he had examined the service record of complainant from the log book of the Dixie, and that it showed no leave of absence for complainant between the dates of Jan. 15, 1920, and Jan. 31, 1920. The brief continues that there was a further objection that Captain Poteet admitted upon cross-examination that he had no personal knowledge of where H. G. DeMarcus was upon the date of the note, and it was said that the chancellor sustained the objection on these grounds.

Defendant insists that under section 5578 of Shannon's Code the evidence of Poteet, which was to the effect that the record shows no leave of absence granted to complainant during period of Jan. 15, 1920, to Jan. 31, 1920; following the question that elicited the information was the following:

Q. Please state what was the last time before Jan. 22, 1920, that the records show that Henry G. DeMarcus was on leave of absence from the U. S. Dixie.

A. To answer this question would require one week's search of my record.

If the section referred to can have any reference to other than Public officers of this State, it relates only to what might competently appear by a recital in his certificate as to a paper in or what might be supposed to be in his office, not as to what might

appear by his independent testimony nor does it we think excuse the production of the record as to what the record shows. As that if proper he might have shown by a certified copy of what appeared covering the period with a statement that he had made dilligent and ineffectual search for any other paper and that nothing else in relation thereto appeared. Besides the certificate is only efficacious if made by the man whose office it is, the custodian of the office, not merely by a man who has access to the office, even though he may be an officer. It should appear that he has charge of the records of the Bureau.

We are of opinion that the ruling of the chancellor was correct, and that the section referred to does not authorize one who has merely access to records, to testify as to what they contain.

However if the evidence was admissible, to cast a cloud over the testimony of complainant that he was here in Jan. 22, 1920, when the note was executed it does not disprove that it was not executed and would not have changed the results of this suit. There is ample evidence we think that the note was executed and that it was for value and a legal subsisting instrument at the time sued on.

We are satisfied with the decree of the chancellor; all assignments are overruled, and his decree is affirmed with costs against appellant.

Portrum and Thompson, JJ., concur.